RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/18/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JONAS JERON DENNIS, et al. | Civil Action No.: 1:12-cv-1254 |
| VERSUS | |
| POSTAL SERVICE, et al. | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is a motion to dismiss for lack of jurisdiction and failure to state a claim (Doc. 16) which was referred to me for report and recommendation by the district judge.

### Factual Background

On May 16, 2012, plaintiffs, Jonas Jeron Dennis and Helen Winn Dennis (the Dennises), having exhausted their administrative remedies under the Federal Torts Claim Act (FTCA), filed the instant lawsuit against the United States Postal Service (United States) and Amy McDonald (McDonald) pursuant to 28 U.S.C. §1346(b) (Doc. 1). In the complaint, the Dennises allege McDonald, an independently contracted U.S. mail carrier, committed tortious and/or criminal acts during the course and scope of her employment with the U.S. Postal Service.

The Dennises contend McDonald intercepted and failed to deliver and/or destroyed their mail, on at least three occasions. The first time, McDonald intercepted certified letters pertaining to an appeal pending in the Louisiana Third Circuit Court of Appeal

in order to protect a party who was adverse to the Dennises. The second instance occurred in roughly December of 2009 when McDonald intercepted and failed to deliver or destroyed the property tax notice pertaining to the Dennises' home. The third and final instance was in March 2010 when McDonald intercepted the notice informing the Dennises that their taxes were overdue and failure to pay would result in the sale of their home at a tax sale. Alleged damages arising from the non-delivery and/or destruction of mail include the entry of a judgment against plaintiffs in the Third Circuit Court of Appeal case and the money paid to redeem their home after it was sold at the tax sale.

On October 22, 2012, defendants filed a motion to dismiss for lack of jurisdiction and failure to state a claim (Doc.16). The United States contends this court lacks jurisdiction to hear this case because the FTCA claims arise out of one of the enumerated exceptions to the waiver of sovereign immunity; that is, "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. §2680(b). McDonald also asserts that she is immune from the FTCA claims asserted against her, pursuant to 28 U.S.C. §2679(b)(1), as her actions were undertaken in the course and scope of her employment.

On November 9, 2012, plaintiffs filed their opposition to the motion to dismiss (Doc. 18). In it, they argue that the exception provided at 28 U.S.C. §2680(b) does not apply to this case as

2

McDonald intentionally failed to deliver and/or destroyed plaintiffs' mail. Plaintiffs also reiterate that McDonald was named as a defendant for acts committed in the course and scope of her employment and in her individual capacity in an abundance of caution.

Law and Analysis

McDonald

In both their complaint and opposition to the motion to dismiss, the plaintiffs have made it abundantly clear that this lawsuit is filed pursuant to the Federal Torts Claim Act and arises out of actions undertaken by McDonald in the course and scope of her employment.

Under the FTCA, the United States is liable for those personal injuries "caused by the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. §1346(b). While the FTCA permits a state law tort action to be brought against the United States, it does not create a cause of action against individual defendants acting within the scope of their employment. The cause of action must be brought exclusively against the United States. 28 U.S.C. §2679(b); see also McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998) citing Atoire Air, Inc. v. Federal Aviation Administration, 942 F.2d 954, 957 (5th Cir. 1991). Plaintiffs have judicially admitted McDonald is sued for actions she undertook while she was within the course and scope of her employment. She

is absolutely immune from all FTCA claims and plaintiffs are foreclosed from suing her in any capacity. Accordingly, McDonald should be dismissed from the lawsuit.

United States

Though the United States has consented to be sued in cases arising from the tortious conduct of its employees while acting within the course and scope of employment, there are exceptions to this waiver of sovereign immunity. Those exceptions are found at 28 U.S.C. §2680 and it is the second exception at §2680(b), "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of postal matter", which is the subject of dispute in this case.

Plaintiffs argue that the exception does not apply to this case because McDonald acted intentionally. In support, they cite only one case, Dolan v. United States Postal Service, 546 U.S. 481 (2006). Dolan did not involve allegations that a postal employee intentionally destroyed, lost or miscarried mail. Instead, it dealt with a plaintiff who fell over mail which the postal carrier placed at the doorstep. The Supreme Court examined the language "negligent transmission" before deciding whether the exception applied to the case. The Court determined that the exception applied when the injury was caused by either the failure to transmit mail or because the contents of the mail were damaged. Id. at 486- 87, 489. Because the plaintiff's injuries were not

4

caused by either of these factors, the exception did not apply. Here, the alleged damages were a direct result of the failure to transmit mail so the exception should apply.

Though plaintiffs contend the issue of intent must also be examined before applying the exception, they fail to cite any authority for that proposition. I have conducted my own research and though I did not find a case from this circuit addressing whether the intentional destruction, loss or miscarriage of mail was covered by the exception, I did find a case from the First Circuit Court of Appeals. In Levasseur v. U.S. Postal Service, 543 F.3d 23 (2008), the court found §2680(b) applies to bar claims for the loss or miscarriage of mail regardless of whether the acts are intentional or negligent. Id. at 23-24, citing Watkins v. United States, 2003 WL 1906176, at *4 (N.D. Ill. 2003). Accordingly, this court lacks jurisdiction over the FTCA claim filed by plaintiffs and the case should be dismissed with prejudice.

Based on the foregoing,

**IT IS RECOMMENDED** that the motion to dismiss (Doc. 16) be **GRANTED** and the instant lawsuit be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days

after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana on this 17 day of December, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE